UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELPIDIO D. TELLEZ,<br><br>    Petitioner,<br><br>v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No. 2:23-cv-00904-TLN-JDP (HC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND PETITIONER'S MOTION FOR STAY BE DENIED<br><br>ECF Nos. 13 & 18<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Petitioner Elpidio D. Tellez, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for second-degree murder. Respondent has moved to dismiss it, arguing that one of the claims is non-cognizable and the others are unexhausted. ECF No. 13. I agree. Petitioner acknowledges that the majority of his claims are unexhausted and has moved for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). ECF No. 17. Respondent opposes the stay, arguing that petitioner has not shown good cause for his failure to exhaust. ECF No. 19. I agree that petitioner has failed to show good cause, and I recommend that his motion to stay be denied.

    No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

1  provided for in the rules but must be inferred from their structure and the Advisory Committee
2  Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the
3  court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*
4  *Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears"
5  that the petitioner is not entitled to relief and, if so, recommend dismissal.

6  Petitioner raises four claims. First, he argues that he is entitled to resentencing under state
7  law. ECF No. 1 at 5. Respondent is correct that this claim is non-cognizable insofar as it relies
8  entirely on the application of state law. *See Sturm v. California Youth Authority*, 395 F.2d 446,
9  448 (9th Cir. 1967) ("[A] state court's interpretation of its [sentencing] statute does not raise a
10 federal question."). Separately, petitioner argues that the trial court erred in failing to allow the
11 jury to reach a voluntary manslaughter verdict, that there was insufficient evidence the murder
12 was willful, deliberate, and premeditated, and the trial court failed to instruct the jury on a theory
13 of imperfect self-defense. *Id.* at 7-10. The parties do not dispute that these three claims are
14 unexhausted. *See* ECF No. 18 at 3-4. The only outstanding question is whether petitioner is
15 entitled to a *Rhines* stay.

16 To obtain a stay under *Rhines*, a petitioner must show that (1) good cause exists for his
17 failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially
18 have merit, and (3) he has not intentionally delayed pursuing the litigation. *Rhines*, 544 U.S. at
19 277-78. Respondent argues that petitioner has not shown good cause for his failure to have
20 exhausted these claims initially. ECF No. 19 at 3. I agree. In support of his stay, petitioner
21 argues only that he is proceeding *pro se* and is unlearned in the law. ECF No. 18 at 1. The Ninth
22 Circuit has held that mere "lack of knowledge" does not constitute good cause for purposes of a
23 *Rhines* stay. *Blake v. Baker*, 745 F.3d 977, 981 (9th Cir. 2014). Absent some other contention in
24 support of good cause, I recommend that the motion to stay be denied. If petitioner has other
25 arguments in support of good cause, he may raise them in any objections he chooses to file.

26
27
28

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss ECF No. 13, be GRANTED and the petition be DISMISSED.
2. Petitioner's motion to stay, ECF No. 18, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 17, 2024                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE